UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SEPTEMBER WEBSTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-03940-TWP-DML |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | ) ) ) ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter is before the Court on Defendant Receivables Performance Management, LLC's ("RPM") Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) (Filing No. 29). Plaintiff September Webster ("Webster") filed this action against RPM, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") (Filing No. 1). RPM filed an Answer (Filing No. 7) and then moved for judgment on the pleadings (Filing No. 29). For the following reasons, the Motion for Judgment on the Pleadings is **denied**.

### I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion for judgment on the pleadings, the Court accepts as true the factual allegations in the Complaint and draws all inferences in favor of Webster as the non-moving party. *See Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

Webster resides within the Southern District of Indiana. She incurred a debt that was primarily for personal, family, or household purposes. The debt owed by Webster went into default. RPM is a debt collection agency that operates from an address in Lynnwood, Washington.

RPM is licensed by the State of Indiana and does business within the Southern District of Indiana. After Webster's debt went into default, the debt was placed with or transferred to RPM for collection, and RPM attempted to collect the debt from Webster. Webster disputed the debt and asked that RPM cease all further communications about the debt ([Filing No. 1 at 2](Filing No. 1 at 2)).

Webster retained John Steinkamp & Associates for legal representation regarding her debts. Prior to September 27, 2018, RPM had reported to TransUnion, a credit reporting agency, that Webster owed a debt to its client. On September 27, 2018, Webster's attorney sent a letter to RPM via facsimile. The facsimile transmission to RPM was successfully received by RPM. In the letter to RPM, Webster's attorney indicated that Webster disputed the debt RPM was attempting to collect. On November 16, 2018, Webster obtained and reviewed a copy of her TransUnion credit report. On November 16, 2018, RPM was still reporting Webster's debt to TransUnion without indicating that the debt was disputed. The TransUnion credit report dated November 16, 2018 indicated that the debt had been verified in November 2018. The TransUnion credit report failed to indicate that the debt was disputed by the consumer. *Id.* at 3.

On December 14, 2018, Webster initiated this action by filing a Complaint against RPM. Webster alleges that RPM violated Sections 1692e(8), 1692d, 1692f, and 1692e of the FDCPA by continuing to report the debt to a credit reporting agency without indicating that the debt was disputed. In her Complaint, Webster alleges that the failure to inform a credit reporting agency that a consumer disputes her debt will always have an influence on the consumer because this information will be used to determine the consumer's credit score. Webster requests actual damages, statutory damages, and attorney fees and costs ([Filing No. 1](Filing No. 1)). On January 29, 2019, RPM filed an Answer and Affirmative Defenses ([Filing No. 7](Filing No. 7)), and then it filed a Motion for Judgment on the Pleadings on June 14, 2019 ([Filing No. 29](Filing No. 29)).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer, and the pleadings are closed. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). The complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c)

permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

### III. DISCUSSION

"Congress passed the FDCPA to 'eliminate abusive debt collection practices.' 15 U.S.C. § 1692. The FDCPA is liberally construed to achieve its purpose of protecting 'the unsophisticated consumer.'" *Hutton v. C.B. Accounts, Inc.*, 2010 U.S. Dist. LEXIS 77881, at *4 (C.D. Ill. Aug. 3, 2010) (quoting *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 773 (7th Cir. 2003)). The FDCPA prohibits a debt collector from using "unfair practices" or engaging in "harassing or abusive conduct" as well as using "false, deceptive, or misleading representations." Further, the FDCPA specifically prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

RPM argues that judgment on the pleadings is appropriate for several reasons. First, RPM asserts that it never received Webster's faxed letter disputing the debt, which debt was then reported to TransUnion without indicating a dispute. In her Complaint, Webster allegedes she sent the dispute letter to facsimile number 1-888-203-3641 ("Facsimile 3641"), but RPM had removed its inbound fax line in January 2018, many months before Webster used Facsimile 3641. When Webster's attorney sent the letter to Facsimile 3641, the fax line had been removed by RPM from its consumer-facing media. RPM argues that, because Webster did not send the letter through proper channels to communicate with RPM, Webster never gave notice to RPM that she disputed the debt. Therefore, the "dispute" was not effective, and RPM could not violate the FDCPA by failing to report any dispute to a credit reporting agency.

4

Second, RPM argues it is entitled to judgment because Webster's claims are moot. On February 26, 2019, RPM served an offer of judgment on Webster pursuant to Federal Rule of Civil Procedure 68, offering her $1,000.00 and reasonable attorney fees. On March 27, 2019, Webster rejected the offer of judgment. RPM's offer to satisfy Webster's demand and her rejection of that offer eliminates Webster's stake in the litigation and undermines any live controversy that existed. Thus, RPM argues, the claims are moot, and it is entitled to judgment.

Lastly, RPM argues Webster has not suffered an injury-in-fact and therefore lacks standing. RPM asserts that, "in the Complaint, Plaintiff fails to identify her injury or how Defendant engaged in any conduct or omission that caused her any injury. Without the existence of an injury in fact, Plaintiff's Complaint fails as matter of law." ([Filing No. 30 at 6](Filing No. 30 at 6).)

Responding to RPM's first argument, Webster contends that RPM received her letter disputing the debt, and Facsimile 3641 has long been in use by RPM. She asserts that her retained counsel previously has successfully used Facsimile 3641 at least twelve times in the past two years to send disputes and notices to RPM. She received a fax transmission receipt showing that her fax to RPM was successfully transmitted. Additionally, Facsimile 3641 is still listed for RPM on the Nationwide Multistate Licensing System & Registry ([Filing No. 31-1](Filing No. 31-1)) and on the Better Business Bureau's website ([Filing No. 31-2](Filing No. 31-2)); thus, Facsimile 3641 is listed for RPM and available to consumers on consumer-facing media. Webster argues it was appropriate for her to use Facsimile 3641 to send her letter disputing the debt to RPM, and RPM did receive the letter. Therefore, RPM violated the FDCPA when it failed to notify TransUnion that the debt was disputed.

Responding to RPM's second and third arguments, Webster asserts,

> Defendant RPM argues that since Ms. Webster rejected a Rule 68 Offer of Judgment for $1,001 in damages and reasonable attorneys' fees, her claim is moot. (Dkt. 30 at pp. 1, 5). Defendant RPM's Offer of Judgment did not, however, offer Ms. Webster full and complete relief on her claims under the FDCPA, since she

sought both actual and statutory damages, see, 15 U.S.C. § 1692k(a)(1) and (2), see, Dkt. 1 at p. 5.

> More importantly, rejecting a Rule 68 Offer of Judgment does not moot a plaintiff's claims. Defendant cites Damasco v. Clearwire Corp., 662 F.3d 891 (7th Cir. 2011) (Dkt. 30, p. 5) for this proposition, but Damasco was overruled by the Seventh Circuit in Chapman v. First Index, Inc., 796 F.3d 783, 787 (7th Cir. 2015) ("We overrule Damasco, … and similar decisions to the extent they hold that a defendant's offer of full compensation moots the litigation or otherwise ends the Article III case or controversy"). Moreover, a year later, the U.S. Supreme Court, in Campbell-Ewald v. Gomez, 136 S.Ct. 663, 668-672, 193 L.Ed.2d 571 (2016), came to this same conclusion – that a Rule 68 Offer of Judgment does not moot a plaintiff's complaint.
>
> RPM also argues that Ms. Webster has failed to allege an "injury in fact" (Dkt. 30 at p. 6), when, actually, she did allege that RPM's failure to accurately report her disputed debt caused her material harm, see, Dkt. 1 at ¶¶ 36, 37, citing, Evans, 889 F.3d 337, 345-46. As the Seventh Circuit held in Evans, the failure to report a disputed debt as disputed to a credit reporting agency is a material harm for standing purposes:
>
>> PRA's alleged violation of § 1692e(8) is sufficient to show an injury-in-fact. Because PRA failed to report to a credit reporting agency that the debt is disputed, the plaintiffs suffered "a real risk of financial harm caused by an inaccurate credit rating."
>
> See, Evans, 889 F.3d at 345, citing, Sayles, 865 F.3d at 250, Saunders v. Branch Banking & Tr. Co., 526 F.3d 142, 146-47 (4th Cir. 2008), and Phillips v. Asset Acceptance, 736 F.3d 1076, 1082 (7th Cir. 2013).
>
> RPM's assertion that Ms. Webster failed to allege injury-in-fact represents an incomplete reading of her Complaint, and of binding Seventh Circuit case law.

(Filing No. 31 at 12–14.)

In reply, RPM reasserts that it removed Facsimile 3641 from its website and all of its consuming-facing media in January 2018, and it cannot be held liable based on Facsimile 3641's presence on third-party websites such as the Nationwide Multistate Licensing System & Registry and the Better Business Bureau. RPM argues that Webster's harm is self-inflicted because she and her attorney failed to verify the correct method for communicating the debt dispute to RPM. Furthermore, RPM reasserts that it served a valid Rule 68 offer of judgment, and Webster rejected

6

that offer thereby mooting her claims. RPM distinguishes the *Chapman* and *Gomez* cases cited by Webster, explaining that those cases involved offers of judgment in class action lawsuits, so those rulings are inapplicable here. RPM also points to the Seventh Circuit's unpublished opinion in *Webster v. Bayview Loan Servicing, LLC*, 618 F. App'x 864 (7th Cir. 2015) regarding offers of judgment and mootness, arguing that the Seventh Circuit's decision concerned a class action lawsuit, again, making it inapplicable here.

The Court begins by addressing RPM's offer of judgment and mootness argument. RPM offered "the total amount of statutory damages claimed by Plaintiff in the amount of $1,000.00 plus reasonable attorney fees to be determined by the Court." ([Filing No. 30 at 5](#).) However, Webster requested both actual damages and statutory damages in her Complaint, so RPM's offer of statutory damages did not fully satisfy Webster's requested relief. Importantly, as the Supreme Court explained, after an offer is rejected or has expired, the plaintiff remains "emptyhanded," and the complaint stands "wholly unsatisfied," so the claim is not made moot by the rejected or expired offer. *Gomez*, 136 S. Ct. at 672. RPM's attempt to distinguish the decisions in *Chapman*, *Gomez*, and *Webster* on the basis of class actions is unavailing because those courts did not limit their holdings about offers of judgment and mootness to class actions. In those cases, the analysis and decision regarding offers of judgment and mootness were within the courts' consideration and discussion of the plaintiffs' individual claims. *See Gomez*, 136 S. Ct. at 667–72; *Chapman*, 796 F.3d at 785–87; *Webster*, 618 F. App'x at 866. The Court concludes that the issue of offers of judgment and mootness does not warrant judgment on the pleadings in favor of RPM.

In addition, the Court is not persuaded by RPM's assertion that Webster did not allege an injury-in-fact and therefore lacked standing. The Seventh Circuit held in *Evans* that the failure to report a disputed debt as being disputed to a credit reporting agency is an injury-in-fact for standing

purposes for a Section 1692e(8) claim because there is a real risk of financial harm caused by an inaccurate credit rating, and RPM's contrary argument arises from its incomplete reading of the Complaint. RPM did not reply to this argument raised by Webster in her Response Brief. Because of its failure to reply to this argument, RPM has conceded these points regarding injury-in-fact. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("[f]ailure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession); *United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) (where a party "failed to respond to the [opposing party's] argument in a Reply Brief, . . . we find that [the party] waived" his argument); *Myers v. Thoman*, 2010 U.S. Dist. LEXIS 107502, at *11 (S.D. Ind. Oct. 6, 2010) ("The Seventh Circuit has clearly held that a party who fails to respond to points made . . . concedes those points."); *Cintora v. Downey*, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."). In any event, Webster's argument is well-taken, and the Court concludes that Webster sufficiently alleged an injury-in-fact to support an FDCPA claim.

Finally, the parties' factual dispute regarding Facsimile 3641 and RPM's receipt of the dispute letter is inapposite at this stage of the litigation. The factual allegations in the Complaint are accepted as true and all inferences are drawn in favor of Webster as the non-moving party when considering the Motion for Judgment on the Pleadings. *See Emergency Servs. Billing*, 668 F.3d at 464; *Pisciotta*, 499 F.3d at 633; *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. Under this standard, the Court accepts the allegations that Webster sent her letter disputing the debt to Facsimile 3641, and RPM received the letter. Then RPM reported or verified the debt to TransUnion in November 2018 without also notifying TransUnion that the debt was disputed. These allegations are sufficient to assert an FDCPA claim. "[C]ourts grant a Rule 12(c) motion

only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. Such is not the case here, so judgment on the pleadings is not warranted.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** RPM's Motion for Judgment on the Pleadings (Filing No. 29). This action may proceed on Webster's claim.

**SO ORDERED.**

Date: 10/21/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angie@philippslegal.com

John Thomas Steinkamp
JOHN STEINKAMP & ASSOCIATES
John@johnsteinkampandassociates.com

Brittney Rykovich
GORDON REES SCULLY MANSUKHANI
brykovich@grsm.com

Kelly V. Milam
GORDON REES SCULLY MANSUKHANI
kmilam@grsm.com